UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANIA DANA-LEE GRAHAM,

Plaintiff,

v.

ALLY FINANCIAL,

Defendant.

Case No. 26-12467

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff's application to proceed *in forma pauperis*. (ECF No. 6). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Plaintiff summarizes her claim against Defendant Ally Financial as follows:

> I SENT THE NOTTCE OF UNPATD LIEN TO THE COMPANY (WH|CH I WILL ATTACH TO TH|S CASE), LETTING THEM KNOW ABOUT THE FIRST OBLIGATION TRUST LIEN THAT I NEEDED TO GET TAKEN CARE (WHTCH HAD NOTHTNG TO DO WITH THEM). THEY COMPLETELY IGNORED THE NOTTCE AND CONTINUED TO REPORT ACCOUNT ON CREDIT WHICH NOW PUTS TFIEM AT FAULT FOR THE TRUST LIEN

> SECTURITY AGREEMENT PAY OFF FOR DELAYING AND IGNORING THE FIRST OBLIGATION PAY OFF.

(ECF No. 1, PageID.4).

Plaintiff asserts that her claim arises solely under "ARTICLE 1 SECTION 10: RIGHT TO CONTRACT"—i.e., under the Contracts Clause of the United States Constitution, U.S. CONST. art. I, § 10, cl. 1. (ECF No. 1, PageID.3). However, "[a] Contract Clause claim must be based on a legislative act because the clause's prohibition 'is aimed at the legislative power of the state, and not at the decisions of its courts, or the acts of administrative or executive boards or officers, or the doings of corporations or individuals.'" *City of Pontiac Retired Emples. Ass'n v. Schimmel*, 751 F.3d 427, 431 (6th Cir. 2014) (citation omitted). Because the complaint implicates only the doings of a corporation and lacks allegations concerning any legislative act or state power, Plaintiff fails to plausibly allege a contract clause claim.

* * *

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 6) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: August 13, 2026

s/Robert J. White
Robert J. White
United States District Judge